IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANNE BARR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-1222-M |
| | § | |
| FRANNET, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand and Motion to Strike the Declaration of Steven Rosen and Defendant's Motion to Stay Litigation Pending Arbitration. Because Mr. Rosen's affidavit, in its final form, includes the requisite language about being true and correct under penalty of perjury and also attests to possessing personal knowledge about the matters asserted, the Motion to Strike is **DENIED**. For the reasons stated below, the Court is of the opinion that the amount in controversy exceeds $75,000, and this Court has diversity jurisdiction over the claims asserted by Anne Barr ("Barr") against FranNet, LLC. The Court therefore **DENIES** Plaintiff's Motion to Remand. For the reasons stated below, and subject to mediation, the Court **GRANTS** the Motion to Stay Litigation Pending Arbitration.

## ANALYSIS

Plaintiff filed an action in state court on June 4, 2007, seeking a declaratory judgment that the Independent Associate Agreement ("Agreement") between Plaintiff and Defendant is invalid. On July 9, 2007, Defendant timely removed this action to federal court on the basis of

diversity of citizenship under 28 U.S.C. § 1332(a).  Plaintiff is a citizen of Texas.  Defendant is a New Jersey Limited Liability Corporation with its principal place of business in Kentucky.  Plaintiff's Motion to Remand is based upon an allegation that the amount in controversy does not exceed $75,000.

In order to sustain removal of this action, Defendant has the burden to show that this Court has proper diversity jurisdiction.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  The Court determines diversity jurisdiction based on the claims in Plaintiff's petition at the time of removal.  *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263-64 (5th Cir. 1995).  Because Plaintiff did not allege "a specific amount of damages," Defendant must prove by a preponderance of the evidence that the amount in controversy in fact exceeds $75,000.  *Garcia v. Koch Oil Co. Of Tex. Inc.,* 351 F.3d 636, 638 (5th Cir. 2003); *see also Allen*, 63 F.3d at 1335; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1993).  To determine if Defendant meets this burden, the Court must first review the petition to see if it is facially apparent that the claim exceeds $75,000.  If it is not, counsel for the removing party may set forth facts that support a finding of the requisite amount in controversy.  *Garcia,* 351 F.3d at 638-39.  If Defendant meets this burden, Plaintiff can only defeat removal if he can prove that, "to a legal certainty," the claim was actually for less than $75,000.  *De Aguilar*, 47 F.3d at 1412.

Plaintiff argues that because she is seeking only a declaratory judgment, the amount in controversy is not capable of monetary valuation.  However, "in cases seeking equitable relief it is well-established that the amount in controversy is measured by the value of the object of the litigation." *Garcia,* 351 F.3d at 640.  In *Hartford Insurance Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002), the court noted that the amount in controversy should be calculated as

"the value of the right to be protected or the extent of the injury to be prevented." The Fifth Circuit in *Hartford* considered the amount in controversy when the plaintiff sought a declaratory judgment on a particular claim under an insurance contract. Reasoning that the entire policy was not in question, the court concluded that the amount in controversy should be valued as the amount of the claim in dispute, as opposed to the policy limit. The court noted that if the case had involved a declaratory action as to the validity of the entire contract between the parties, then the policy limits would control. *Id.*

Plaintiff seeks a declaratory judgment that the entire Agreement she signed with Defendant is illegal and unenforceable in the state of Texas. Defendant claims that the declaratory judgment action removed from the state court is predicated on the same controversy that is subject to a Demand for Arbitration previously made by Defendant. Defendant filed an affidavit by Steven Rosen, the Chairman and CEO of FranNet LLC as of March 2006, who served as a consultant to FranNet since 1990. Mr. Rosen's affidavit attests that on May 12, 2007, Defendant filed its Demand for Arbitration against Plaintiff, seeking enforcement of the Agreement.

Plaintiff filed a Motion to Strike the Affidavit of Steven Rosen on various grounds, including that his original affidavit lacked language about the information being true and correct under penalty of perjury, that his affidavit was conclusory and speculative, that Mr. Rosen failed to explain how he possessed personal knowledge of the matters asserted, and that Mr. Rosen did not attach any of the business records on which he relied. Defendant filed two supplemental affidavits by Mr. Rosen that cure the alleged defects. Mr. Rosen explained that his knowledge was based on his recollection and a review of voluminous business records that could not be

attached and were mainly addressed to collateral matters.  Mr. Rosen attested that as consultant and now Chairman and CEO, he gained personal knowledge of all strategic planning, contractual relations, and the facts and circumstances surrounding this litigation.  The Court finds that Mr. Rosen's affidavit and supplemental affidavits should not be stricken, as any alleged defects have been cured.  The Motion to Strike is therefore **DENIED**.

Defendant has presented sufficient evidence that the underlying contract and arbitration involve sums exceeding $75,000.  Defendant argues that if Plaintiff had fulfilled her quota under the Agreement, she would have received $225,000, and Defendant would have received $75,000.  Defendant asserts that $38,000 of Plaintiff's commissions are being set off against her debt to Defendant.  Defendant alleges that after she was no longer a FranNet associate, Plaintiff earned $40,000 by holding herself out as a FranNet associate at a franchise show and that Defendant is entitled to some or the entire amount.  Any reasonable computation of the disputed sums exceeds $75,000.  Also at issue in Plaintiff's action are the value of the non-compete and confidentiality provisions of the Agreement, which Defendant claims Plaintiff breached.  Plaintiff offers no competing persuasive evidence that the dispute does not involve claims worth more than $75,000.  If Plaintiff prevails, she will have eliminated claims against her in excess of that sum.

The Court concludes that Defendant demonstrated by a preponderance of evidence that the amount in controversy exceeds the $75,000 jurisdictional amount.  Because the parties are diverse and the amount in controversy exceeds $75,000, removal to this Court was proper.  The Court therefore **DENIES** Plaintiff's Motion to Remand.

Paragraph 20 of the Agreement provided for mediation in the event of any dispute arising from or concerning the Agreement "through the auspices of the Henning Mediation and Arbitration

in Atlanta, GA." The parties agreed to arbitrate only if mediation did not result in a settlement of the dispute. Therefore, the Court hereby **ORDERS** that mediation should take place before Henning Mediation in Atlanta, Georgia by February 8, 2008. If the parties either agree to waive mediation altogether or agree to use a different mediator, they must so notify the Court by January 18, 2008. If the parties agree to a different mediator, they must file the name and address of the mediator they have chosen with the Clerk of Court no later than January 18, 2008. An Order of Referral for Mediation will be entered accordingly.

Subject to mediation, the Court finds the arbitration provision of the Agreement to be enforceable. Plaintiff contracted with FranNet Development Group, LLC, which was located in Atlanta, Georgia. Although FranNet, LLC, is not in Georgia or a Georgia corporation, it is the successor to the Agreement by merger. The parties may choose, by agreement, to arbitrate the Agreement in another location. However, subject to mediation, the Court **GRANTS** the Motion to Stay Litigation Pending Arbitration.

**SO ORDERED.**

**DATED:** January 3, 2008.

_____
**BARBARA M.G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**